## THE CHICAGO GREAT WESTERN RAILWAY COMPANY V. DAVID TROUP, *etc.*
### No. 14,032.  (80 Pac. 30.)

Error from Wyandotte district court; E. L. FISCHER, judge.  Opinion filed March 11, 1905.  Affirmed.

*Frank Hagerman, Miller, Buchan & Miller,* and *A. F. Smith,* for plaintiff in error.
*Getty, Hutchings & Dean,* and *John Warren,* for defendant in error.

*Per Curiam:*  This is an action brought by a minor to recover damages because of personal injuries suffered by reason of the wanton negligence of the plaintiff in error.  It is a companion case to *Railway Co. v. Troup,* 69 Kan. 854, 76 Pac. 859, in which the father of the injured boy recovered damages for the same injury here sued for.  All of the errors complained of in that case are here again presented for review.  No material difference appearing as to such claimed errors, that case will be followed.  The errors complained of are as to the sufficiency of the evidence to identify the train that inflicted the injury as one operated by the defendant; to show authority in the fire-

man who expelled the plaintiff from the train to do so; to show wantonness on the part of the defendant, the injured boy being a trespasser; and as to whether the plaintiff was guilty of such contributory negligence as to preclude recovery.

However much we might be inclined to doubt the strength of the evidence upon these points, were the weight of evidence for us to pass upon, we may only say now that the jury have settled them against the contentions of the plaintiff in error, and their verdict has received the approval of the trial court. Brief attention will be given to the other questions presented:

(1)   There was no error committed by the court in refusing to limit the inquiry as to the engine that did the injury to No. 439, although that number was testified to as being the engine that was in question. The number of the engine was not an essential in the inquiry. The jury might have found for the plaintiff even though they did not find that the engine in question was No. 439.

(2)   In none of the criticized instructions was it assumed that the engine that did the injury was the defendant's. That question was fairly submitted to the jury by the court.

(3)   The complaint that the petition did not state a cause of action because it failed to charge that the fireman was acting within the scope of his employment is not well taken. The petition did state that at the time the injury was inflicted "the said locomotive was in charge, and under the control and management, of defendant's servants and agents, who were respectively fireman and engineer thereon." The allegation that the engine was under the management and control of the fireman by reasonable implication is an allegation that the fireman had a right to eject trespassers therefrom.

(4)   We think there was no error in refusing to give instruction No. 12 asked by the defendant, or in giving No. 20 as the court did. The essence of the plaintiff's claim was that some one acting as fireman, with the necessarily implied authority of a fireman, committed the wrongs complained of, and it mattered not whether technically he was a fireman or some other employee of the company temporarily engaged as such.

We have given the other alleged errors careful attention, but find in them nothing warranting a reversal. The judgment is affirmed.